UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES C. HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>JOE LIZARRAGA, et al.,<br><br>Defendants. | No. 2:19-cv-1479 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 5. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted. However, the undersigned will also recommend that this action be summarily dismissed without prejudice for lack of jurisdiction.

I. <u>IN FORMA PAUPERIS APPLICATION</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). <u>See</u> ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

////

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     PLAINTIFF'S COMPLAINT

In the instant complaint, plaintiff presents a single cause of action related to what he contends was a misinterpretation of the abstract of judgment in his criminal case by the California Department of Corrections and Rehabilitation ("CDCR") and its employees. See generally ECF No. 1. The misinterpretation, plaintiff contends, has led to him being denied early parole consideration and fifty percent time credits under new law that was enacted in 2017. See id. at 3. Plaintiff argues that this constitutes cruel and unusual punishment and deliberate indifference in violation of his Eighth Amendment rights. See id. at 3. He seeks monetary damages in the amount of $160,000.00 for his wrongful imprisonment, and lost wages as well as an order directing the California Department of Corrections ("CDCR") and Rehabilitation to follow and honor the latest abstract of judgment which does not require registration for a sex offense that was illegally amended by the CDCR. See id. at 11.

Plaintiff's complaint states that at the time he filed the instant complaint earlier this month, his second level appeal was pending. See ECF No. 1 at 3. Specifically, in response to the question, "If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not," plaintiff writes, "[Second] appeal is pending. Following new information to resubmitt [sic]. (PLO) Prison Law Office "memo" dated March 19, 2019. Asking prisoners to resubmit [sic] inmate appeals." Id. at 3 (brackets added).

////

2

III.     APPLICABLE LAW:  EXHAUSTION REQUIREMENT

42 U.S.C. § 1997e, which governs suits brought by prisoners, states, "No action shall be brought with respect to prison conditions under Section 1983 . . . by a prisoner . . . until . . . administrative remedies as available are exhausted."  42 U.S.C. § 1997e(a).  A prisoner is required to exhaust all administrative remedies provided by the prison prior to filing an action in this court.  See 42 U.S.C. § 1997e(a); Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (citation omitted) ("The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983."); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (stating prisoner must pursue prison administrative process as first and primary forum for redress of grievances).

In sum, a prisoner may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed.  Vaden, 449 F.3d at 1051.  He does not comply with the exhaustion requirement by exhausting available remedies during the course of the litigation.  Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) (brackets omitted) (citing McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam)).  Failure to exhaust administrative remedies prior to filing a complaint in district court must result in a dismissal of the complaint without prejudice.  See, e.g., Vaden, 449 F.3d at 1051 (citing Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)); see also O'Neal v. Price, 531 F.3d 1146, 1154 (9th Cir. 2008) (citation omitted) (noting dismissal of complaint without notice or opportunity to be heard in cases where unmistakably clear court lacks jurisdiction or complaint is otherwise defective).

IV.     DISCUSSION

It is clear on the face of the complaint that plaintiff had not exhausted all administrative remedies available to him at the prison before filing in this court.  See ECF No. 1 at 3.  Plaintiff affirmatively represents that a second level appeal remained pending at the time of filing; a California inmate's administrative appeal is not exhausted until it has been resolved at the third level.  See Woodford v. Ngo, 548 U.S. 81 (2006); 15 Cal. Code Regs. §§ 3084.2, 3084.7.  Accordingly, this court lacks jurisdiction to review the complaint, and it must be summarily

////

dismissed without prejudice.  See 42 U.S.C. § 1997e(a); Albino, 747 F.3d at 1171; see, e.g., Vaden, 449 F.3d at 1051.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, filed August 2, 2019 (ECF No. 2), is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith, and

3. The Clerk of Court shall randomly assign a District Court Judge to this action.

IT IS FURTHER RECOMMENDED that this action be SUMMARILY DISMISSED for lack of jurisdiction pursuant to 42 U.S.C. § 1997e(a), Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014), and Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 19, 2019

_allison claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE